1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7   ADAN IBRAHIM YUSUF,

8                             Plaintiff,

9         v.

10   KING COUNTY JAIL -MRJC, et al.,

11                             Defendants.

Case No. 16-980 RSM-BAT

**REPORT AND
RECOMMENDATION**

12         Pursuant to Fed. R. Civ. P. 12(b)(6), defendants Michael Breiner, Shawn Mikkelsen, and

13   Ricky Hubl move for dismissal of Plaintiff Adan Ibrahim Yusuf's 42 U.S.C. § 1983 complaint

14   based on the *Heck* doctrine. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).  Mr. Yusuf

15   has failed to file papers in opposition to the motion.  The undersigned recommends that the

16   complaint be dismissed without prejudice.

17                                   **FACTS**

18         In his sworn complaint, Mr. Yusuf alleges that on March 25, 2016, the defendants

19   assaulted him and used excessive force when he was being placed into a holding cell after a

20   court hearing at the Maleng Regional Justice Center in Kent.  Dkt. 13 at 3 (Statement of

21   Claim); Dkt. 12 at 1:22-2:3.  Mr. Yusuf states that he was minding his own business and just

22   trying to keep a cell door open "gently" with his foot when Officer Breiner inexplicably grabbed

23   Mr. Yusuf, began "almost choking" him, pulled him out of the cell, pushed him onto the floor

REPORT AND RECOMMENDATION - 1

1  and then began punching Mr. Yusuf in the nose, while he was in a "choke hold."  Dkt. 13 at 3.

2  Mr. Yusuf also alleges that Officer Mikkleson and other correction officers knocked him to the

3  floor, kicked his neck, smashed his face on the ground, and that Sgt. Huble "Tased" him twice.

4  *Id.*  Mr. Yusuf repeatedly asserts that he was never resisting the officers and that Officer Breiner

5  intentionally assaulted him when he "wasn't resisting and [he] was on the floor.  *Id.* at 3-4.  Mr.

6  Yusuf contends that this assault and use of excessive force violated his Eighth Amendment

7  rights.  *Id.* at 5-6.

8       King County Superior Court records reflect, however, that Mr. Yusuf pleaded guilty to

9  misdemeanor assault and harassment of Officer Breiner, arising out of the March 25,

10  2016 incident.  Dkt. 20-1, Declaration of Endel Kolde, Exhibit A at 11[1].  The Court takes judicial

11  notice of court filings and other matters of public record, especially when the court pleadings

12  reflect prior litigation involving the same party, without converting a Fed. R. Civ. P. 12(b)(6)

13  motion to dismiss into a summary judgment.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442

14  F.3d 741, 746 n.6 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir.

15  2001)[2].

16       The certification for determination of probable cause supporting the filing of Assault

17  Fourth Degree and Harassment charges against plaintiff include facts that are fundamentally

18  inconsistent with the alleged unlawful behavior for which Mr. Yusuf seeks section 1983

19  damages.  *See* Dkt. 20-1, Declaration of Endel Kolde, Ex. A at 19-21.  The officers asserted that

20  Mr. Yusuf kicked a cell door as he was being placed in a holding cell after court.  *Id*. at 19.

21  When he refused to step out of the cell, Officer Breiner grabbed Mr. Yusuf's uniform sleeve and

22  _____

[1] The Court refers to CM/ECF page numbers.

23  [2] It is noted that defendants served plaintiff with a *Rand* notice in the event the Court found it necessary to convert their motion to dismiss to a motion for summary judgment.  Dkt. 21.

REPORT AND RECOMMENDATION - 2

1  directed him to exit the cell.  Mr. Yusuf then swung at Officer Breiner with a closed fist and

2  continued punching him in the chest and abdomen.  Officer Breiner pulled Mr. Yusuf out of the

3  cell and onto the floor with Mr. Yusuf landing on top of him.  Other officers, including Sergeant

4  Hubl and Officer Mikklesen, arrived to assist Officer Breiner and Mr. Yusuf continued to resist

5  attempts to control him and attempted to punch and kick the officers.  *Id*.  After warning Mr.

6  Yusuf, Sgt. Hubl deployed a Taser against Mr. Yusuf.  *Id*. at 19-20.  When Mr. Yusuf continued

7  to resist, Sgt. Hubl deployed the Taser again.  *Id*. at 20.  Some of the officers eventually

8  handcuffed Mr. Yusuf and transported him to Harborview Medical Center for treatment.  *Id*.

9  Immediately after the incident, Mr. Yusuf threatened to kill all the cops and

10  corrections officers when he got out of jail.  Later, at Harborview, he stated, "There are two

11  possible outcome to this incident, either King County, Washington State pay me for my injuries

12  or I'm going to put a bullet in Officer Breiner's head."  *Id*.  It is further noted in the Certification

13  for Determination of Probable Cause, that Mr. Yusuf committed custodial assault and that the

14  threats he made were in response to actions and decisions made by Officer Michael Breiner

15  during the performance of Officer Breiner's official duties.  Dkt. 20-1 at 21.

16  At the time of the March 25, 2016 incident, Mr. Yusuf was awaiting trial on felony

17  charges involving the stabbing of Anzor Lomanov in 2014.  On May 20, 2016, in a plea deal that

18  encompassed his underlying felony counts, Mr. Yusuf also pleaded guilty to misdemeanor

19  assault and harassment of Officer Breiner, arising out of the March 25, 2016 incident.  Dkt. 20-1,

20  Exhibit A at 4-12; 13-16.  In his Statement of Defendant on Plea of Guilty, Mr. Yusuf stated:

21  
22      Count 3:  In King County, WA on 3/25, 2016 I intentionally assaulted Officer
    Michael Briener.  Count 4:  I also knowingly threatened to cause bodily harm to
    Officer Briener and my words or conduct placed him in reasonable fear the threat
    would be carried out.

23  
*Id.* at 11.

REPORT AND RECOMMENDATION - 3

1    Mr. Yusuf was sentenced for the misdemeanor assault and harassment crimes on June 17,

2  2016.  *Id.*, Ex. B.  There is no evidence in the record that these convictions have been overturned.

3                                          **DISCUSSION**

4    Defendants contend that Mr. Yusuf's 42 U.S.C. § 1983 complaint is barred by the *Heck*

5  preclusion doctrine.  Dkt. 20 at 4.  Under the doctrine, "if a criminal conviction arising out of the

6  same facts stands and is fundamentally inconsistent with the unlawful behavior for which section

7  1983 damages are sought, the 1983 action must be dismissed."  *Smith v. City of Hemet*, 394 F.3d

8  689, 695 (9th Cir. 2005) (quoting *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996)); *see*

9  *Heck v. Humphrey*, 512 U.S. 477, 489-87 (1994).  Consequently, a claim for excessive force by a

10  police officer may be barred where the plaintiff was previously convicted of assaulting that

11  police officer within the same time period as the alleged excessive force.  *See Beets v. Cty. of Los*

12  *Angeles*, 669 F.3d 1038, 1045 (9th Cir. 2012).

13    The *Heck* preclusion doctrine also covers the claims of non-convicted individuals, whose

14  civil rights claims clash with another's undisturbed criminal conviction.  *Beets v. Cty. of Los*

15  *Angeles*, 669 F.3d 1038, 1046 (9th Cir. 2012).  If the plaintiff must prove facts that are

16  fundamentally inconsistent with a conviction, *Heck* bars the claim.

17    The Court finds that the *Heck* doctrine applies here.  Mr. Yusuf pleaded guilty to Assault

18  in the Fourth Degree (of Officer Breiner), in violation of Wash. Rev. Code § 9A.36.041 and

19  Harassment (of Officer Breiner), in violation of Wash. Rev. Code § 9A.46.020(1) involving the

20  altercation that occurred on March 25, 2016.  Dkt. 20-1 (Kolde Decl.) at 28.  Accordingly, a

21  judgment in Mr. Yusuf's favor in this case – where he claims that Officer Breiner and other

22  officers assaulted him and used excessive force during the March 25, 2016 altercation, would

23  necessarily imply the invalidity of his criminal convictions.  *See Garcia v. Lewis*, No. 12-CV-

REPORT AND RECOMMENDATION - 4

1    3104-TOR, 2014 WL 1648470, at *3 (E.D. Wash. Apr. 23, 2014) (*Heck* doctrine barred plaintiff

2    from bringing § 1983 claim for assault stemming from same facts as gave rise to his prior

3    conviction for custodial assault in violation of Wash. Rev. Code § 9A.36.100(1)(b)); *Germain v.*

4    *City of Seattle,* C13-1239 RAJ, 2016 WL 3017704 at 3 (W.D. Wash. May 25, 2016) (*Heck*

5    doctrine barred the excessive force and assault claims against an arresting police officer where

6    the plaintiff had previously pleaded guilty to assaulting the officer while she was acting in her

7    official capacity).  *See also, Curry v. Baca*, 371 F. App'x 733, 733-34 (9th Cir. 2010) (*Heck* bar

8    applies where officers' use of force was part of a single act for which jury had found plaintiff

9    bore responsibility).

10        Mr. Yusuf's claims arose out of the same conduct for which he has been convicted.

11    However, in his sworn complaint, Mr. Yusuf alleges unilateral use of force, where Officer

12    Breiner and the other officers allegedly attacked Mr. Yusuf for no reason even though he offered

13    no resistance and did not fight back.  This version of the events of March 25, 2016 is

14    fundamentally inconsistent with Mr. Yusuf's plea to the assault of Officer Breiner.

15        Based on the foregoing standards and viewing the allegations of Mr. Yusuf's complaint

16    in the light most favorable to him, the undersigned concludes that Mr. Yusuf cannot pursue a §

17    1983 action because he has not demonstrated that his conviction or sentence has been

18    invalidated.  A judgment in favor of Mr. Yusuf in this case – i.e., that Officer Breiner and other

19    offices assaulted him would necessarily imply the invalidity of his convictions for assaulting and

20    harassing Officer Breiner.  Such a claim is barred by *Heck*.

21        Accordingly, the Court recommends that Defendants' motion to dismiss (Dkt. 20) be

22    **GRANTED** and this lawsuit be **dismissed without prejudice**.  *Trimble v. City of Santa Rosa*, 49

23    F.3d 583, 585 (9th Cir.1995) (per curiam) (*Heck*-barred claims must be dismissed without

REPORT AND RECOMMENDATION - 5

1   prejudice so that the plaintiff may "reassert his claims if he ever succeeds in invalidating his

2   conviction.").

### OBJECTIONS AND APPEAL

4        This Report and Recommendation is not an appealable order.  Therefore a notice of

5   appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

6   assigned District Judge enters a judgment in the case.  Objections, however, may be filed and

7   served upon all parties no later than **Thursday, January 5, 2017.**  The Clerk should note the

8   matter for **Monday, January 9, 2017**, as ready for the District Judge's consideration if no

9   objection is filed.  If objections are filed, any response is due within 14 days after being served

10  with the objections.  A party filing an objection must note the matter for the Court's

11  consideration 14 days from the date the objection is filed and served.  The matter will then be

12  ready for the Court's consideration on the date the response is due.  Objections and responses

13  shall not exceed 12 pages.  The failure to timely object may affect the right to appeal.

14       DATED this 15th  day of December, 2016.

15

16                               BRIAN A. TSUCHIDA
                             United States Magistrate Judge

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 6